UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LARRY HARRINGTON and LORI HARRINGTON,

    Plaintiffs,

v.                        Case No: 2:15-cv-522-FtM-29MRM

REGIONS BANK,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Compel Arbitration and Stay Proceedings and Incorporated Memorandum of Law (Doc. #16) filed on October 21, 2015. Plaintiffs filed a Response (Doc. #17) on November 4, 2015.

Plaintiffs dispute the Defendant's assertion that the Plaintiffs' claim under the Telephone Consumer Protection Act, 47 U.S.C. § 277 ("TCPA") is subject to the parties' arbitration provisions found within various loan documentation executed in connection with the subject debt and other account relationships with Regions.[1] Plaintiffs acknowledge, however, that the arbitration provisions contained within the parties' signed

---

[1] In 2002, Plaintiffs opened a Demand Deposit Account with AmSouth Bank. (Doc. #16, p. 4.) In 2006, Mr. Harrington executed a Guaranty in connection with an Auto Loan from AmSouth Bank. (Id. at 2.) In November 2006, Regions merged with AmSouth. (Id.) In 2008, Plaintiffs executed a Mortgage in connection with a revolving line of credit with Regions Bank and Mr. Harrington individually executed a Credit Agreement and Disclosure. (Id. at 3.)

documents include a delegation clause vesting the determination of the arbitrability of a claim or dispute with the arbitrator, not the Court. (Doc. #17; See Doc. #16, pp. 2-4.) Plaintiffs do not dispute the arbitrator's authority in making such a determination.

While arbitrability is generally a question reserved for the trial court, the arbitrator may interpret the scope of the arbitration agreement if the parties agree and provide for such delegation "clearly and unmistakably" within the agreement. Terminix Int'l Co. v. Palmer Ranch Ltd. P'ship, 432 F.3d 1327, 1332 (11th Cir. 2005); Norfolk S. Ry. Co. v. Fla. E. Coast Ry., LLC, No. 3:13-cv-576-J-34JRK, 2014 WL 757942, at *10 (M.D. Fla. Feb. 26, 2014). "[T]he question 'who has the primary power to decide arbitrability' turns upon what the parties agreed about *that* matter." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995). See also Shea v. BBVA Compass Bancshares, Inc., No. 1:12-cv-23324-KMM, 2013 WL 869526, at *4 (S.D. Fla. Mar. 7, 2013) (citing Terminix Int'l Co., 432 F.3d at 1332) ("[W]hen parties explicitly incorporate rules that empower an arbitrator to decide issues of arbitrability, the incorporation serves as clear and unmistakable evidence of the parties' intent to delegate such issues to the arbitrator"). Here, the delegation provisions clearly and unmistakably delegate the determination of arbitrability to the arbitrator. (Doc. #16, pp. 2-4.)

Therefore, pursuant to the delegation clauses contained within the arbitration provisions, the Court hereby submits the determination of whether or not the TCPA claim is subject to the arbitration agreement to the arbitrator.  Plaintiffs agree to Defendant's request to stay the action pending the determination by the arbitrator and reserve their right to continue to proceed in this Court if the arbitrator rules that their TCPA cause of action is not subject to the arbitration agreement.

Accordingly, it is hereby

**ORDERED:**

1.  Defendant's Motion to Compel Arbitration and Stay Proceedings and Incorporated Memorandum of Law (Doc. #16) is **GRANTED.**

2.  The Clerk is hereby directed to **STAY** the case pending notification by the parties of determination of arbitrability by the arbitrator.

**DONE and ORDERED** at Fort Myers, Florida, this __29th__ day of January, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record